## NELSON W. HINE *vs.* WILLIAM E. ROBERTS.

The defendant received of the plaintiff an organ, and signed and delivered to him the following agreement prepared by the plaintiff:—"The subscriber has this 21st day of Dec., 1877, rented of *H*, (the plaintiff) one choral organ, during the payment of rent as herein agreed, for the full rent of $190, payable as follows—one melodeon valued at $50 as first payment, and one note for $140 due Jan. 15, 1879; with the understanding that if I shall have punctu-

ally paid all said rent I shall be entitled to a bill of sale of the organ, and if I fail to pay any of said rent when due all my rights herein shall terminate and said *H* may take possession of said organ." Held not to be a lease of the organ, but a conditional sale, and that the plaintiff could not recover upon the $140 note after the organ had been returned.

The consideration of the note was not the mere right to pay for and receive title to the organ, but the actual purchase and the acquisition of title as an accomplished fact. When therefore the purchase failed there was a complete failure of consideration.

ASSUMPSIT on a note; brought to the Court of Common Pleas of New Haven County, and tried to the jury before *Pardee, J.* Verdict for the plaintiff, and motion for a new trial by the defendant for error in the charge of the court. The case is sufficiently stated in the opinion.

*H. C. Baldwin* and *H. L. Hotchkiss,* in support of the motion.

*J. D. Ballou,* contra.

CARPENTER, J.   The subject of this suit is a note for $140, given by the defendant to the plaintiff, in the ordinary form. At the same time and as a part of the same transaction the defendant signed the following writing:—

"The subscriber has this 21st day of December, 1877, rented and received of N. W. Hine one choral organ, style union top, during the payment of rent as herein agreed, for the full rent of one hundred and ninety dollars, payable at his office in New Haven, Conn., as follows, viz.:—one melodeon valued at fifty dollars as first payment, and one note for one hundred and forty dollars, due January 15th, 1879, and on the      day of each succeeding month until the whole is paid, with the understanding that if I shall have punctually paid all said rent, and shall not have removed said organ from the premises now occupied by me without the written consent of said Hine, I shall be entitled to a bill of sale thereof, but not otherwise; and if I fail to pay any of said rent when due, or shall remove said organ without such written consent, all my rights herein shall thereupon expire and terminate, and the said Hine, his agents, executors,

administrators or assigns, may enter any premises accessible to me, using necessary force, and take possession of said organ; I hereby agreeing to waive and relinquish all claim to the same, and for payments hereon, and for damages for any such entry. All injury to said organ from any cause to be made good by me."

The plaintiff's case proceeds upon the theory that this instrument is a lease, and that the whole transaction between the parties amounted simply to a hiring of the organ for a year; and the court below so treated it. The court in charging the jury repeatedly called it a lease, and they were told that the right to keep and use the organ and demand a bill of sale of it, was in law a sufficient consideration to sustain the note. They were also told that the plaintiff was entitled to recover the whole amount of the note unless there had been an entire failure of consideration; and in the course of the charge the court said:—"It is not disputed that the defendant had the use of the organ till the note came due, and there is no claim that he could not have received the title on paying the note."

We think this view of the case was erroneous, and was well calculated to mislead the jury.

The transaction was not, except in a limited and materially qualified sense, a lease; that is, if the contemplated sale was not completed by the payment of the note, it would operate as a lease of the organ until the note became due. But that was not the ultimate aim and object of the parties; it was simply contemplated and provided for as a possibility. The real purpose was to sell the organ, with an agreement that the seller should not part with the title until the purchase money was paid. A careful inspection of the instrument shows that this must be so. It is not in the form and does not contain the usual stipulations of a lease. It is not signed by the lessor, and expresses but one agreement to be performed by him, and that is *to give a bill of sale if the note is paid at maturity.* Erase the words "rented" and "rent" from the instrument wherever they occur, and substitute the word "money" or its equivalent wherever necessary to com-

plete the sense, and the instrument expresses the exact idea which the parties had in mind, and there is not left in it a single element of a lease except as above stated.

We read the transaction therefore as a conditional sale; and so the plaintiff's counsel regarded it when the request was framed asking the court to charge the jury that such sales are recognised and upheld by our law. The question then arises—what was the nature of that condition? The plaintiff seems to treat it as a *conditional sale by him* but as an *absolute purchase by the defendant;* and the court seems to have sanctioned that view. We think that view does not give effect to the real intention of the parties. It cannot be denied that the plaintiff had a right to prescribe the terms on which he would part with his property, and we think he has done so. For, while the language of the instrument purports to be the language of the defendant, it is in reality the language of the plaintiff. The instrument is a printed blank, carefully prepared by the plaintiff and extensively used in his business. It was filled out by the plaintiff's agent and the defendant was required to sign it. Presumptively he would not have been permitted to sign any other, for that was evidently the mode and form in which the plaintiff transacted business. The plaintiff said to the defendant, in substance, "I will sell the organ to you for $190. I will accept your melodeon in part payment at $50, and your note for $140 payable at the end of one year. If you pay the note promptly when due the organ is yours. If you do not, you forfeit all your rights under the contract, and both the organ and melodeon are mine." We believe this to be a fair statement of the material part of the contract. If the note is not paid the payment of $50 is forfeited by express agreement. As that is something more than twenty-five per cent. of the whole price of the organ it would seem to be ample compensation for its use during the year. The plaintiff now insists that the defendant shall not only forfeit the melodeon but shall also pay the note. He virtually injects into the contract, in case of failure to pay the note, this further provision—"And the said Hine shall be at liberty to sue for and

collect the note." We do not think that is a fair interpretation of the contract. We do not think that the defendant so understood it, or that he would have signed it if it had been so expressed. We think that the defendant understood that it was at his option to pay or not to pay the note. The consequences of payment or non-payment were expressly provided for, and nothing is left to implication. The contract is adroitly framed so as to induce that belief, and it is our duty to interpret it in the sense in which the defendant would naturally understand it, especially if the plaintiff knew or had reason to believe that the defendant so understood it.

From this view of the case it is apparent that the consideration for the note was not the mere abstract right to pay for and receive title to the organ, as the court charged the jury, but it was the actual purchase and the acquisition of title as an accomplished fact. This is obvious from the rigid provisions of the contract—"And if I fail to pay any of said rent" (the note) "when due" (no matter from what cause,) "all my rights herein shall thereupon expire and terminate, and the said Hine, his agents, &c., may enter any premises accessible to me, using necessary force, and take possession of said organ."

The purchase failed—the title did not pass. The plaintiff received the melodeon and the return of the organ in good condition, which is all he contracted for in that contingency, and the defendant forfeits all previous payments, (in this case the melodeon,) which is all he agreed to forfeit. There was therefore an entire failure of the consideration for the note, and the ruling of the court to the contrary was error.

A new trial is advised.

In this opinion the other judges concurred.