### CLARK M. LOOMIS vs. JAMES D. BRAGG.

The plaintiff and defendant made a written contract by which the latter was to hire a piano of the former, of which the price was to be $140, for twenty-seven months, for which he was to pay five dollars down and five dollars as rent at the end of each month, until the whole was paid, when the piano was to became the property of the defendant; but if default of any payment was made the plaintiff was to have the right to retake the piano and all the defendant's right to it was to cease and the money paid was to belong to the plaintiff. Held a conditional sale and not a lease.

The defendant's promise in the contract to pay the monthly rent was not to be regarded as a promise for the breach of which the plaintiff could maintain a suit, but the plaintiff's remedy was solely that provided by the contract, to retake the piano, and hold as forfeited all that had been paid.

After paying several instalments the defendant made default of payment. He however for several months promised to pay the amount in arrear and the plaintiff left the piano with him, but he finally failed to make further payment and returned the piano. Held that these promises, being on no new consideration, could not be made in themselves a ground of recovery.

ACTION on a contract for the purchase of a piano; brought to the City Court of the city of New Haven. Demurrer to complaint. Judgment for defendant, (Studley, J.) Motion in error by the plaintiff. The case is fully stated in the opinion.

*E. P. Arvine*, for the plaintiff.

*J. C. Chamberlain*, for the defendant.

PARK, C. J.   This suit grows out of the following contract between the parties :

"Agreement between C. M. Loomis of New Haven, Conn., and James D. Bragg of Bridgeport, Conn.  Said Loomis agrees to rent, and said Bragg agrees to hire, one Albert W. Ladd & Co. piano, No. 1807, price $140, (cash $5, balance $135,) for the term of twenty-seven months from the fifth day of January, 1881, at the rent of five dollars per month, payable on the fifth day of each month, in advance.  And it is agreed that if the rent and interest shall be paid punctually according to agreement, said instrument shall be the property of said Bragg at the end of said term.  And further, if said Bragg shall neglect to pay the rent and interest falling due at any time, said Loomis shall be at liberty to enter the dwelling house or premises where said instrument may be, and take said instrument into his possession, and the money already paid shall belong to said Loomis.  And said Bragg is held responsible for all damages, except the usual wear and tear, and to pay all taxes and insurance on said instrument.  The same is not to be removed from the place of delivery without permission from said Loomis.  Dated at Bridgeport, Jan. 5th, 1881."

The instrument was delivered by the plaintiff, and monthly instalments were paid by the defendant under the contract up to the month of May of the same year, when the defendant made default of payment, and continued to do so till the month of October following, when he absolutely refused to go further under the contract, and notified the plaintiff to remove the piano, which was done.  During the time that default of payment was being made, the defendant orally renewed his original promise whenever a payment became due, and in consequence of this the plaintiff suffered the piano to remain in his possession notwithstanding the default.

These facts are set forth in the plaintiff's complaint, to which the defendant demurred; and the question is—do they sustain the claim for damages made in the first count of the complaint? Or do they support the second count, which claims a reasonable sum as compensation for the use of the piano during the time, not covered by his payments, that the defendant had the use of it? Or do they sustain the plaintiff's claim that the defendant shall pay the unpaid instalments provided for in the contract as set forth in the third and last count?

The contract upon which the complaint is based purports to be a renting of the piano for the term of twenty-seven months at the rate of five dollars per month, but in fact it is an agreement to sell the piano at the end of twenty-seven months, when the sum of $135 shall have been paid in monthly instalments of five dollars each, together with certain interest, upon condition that if at any time the defendant shall make default of payment when any instalment or the interest upon the unpaid balance shall become due, the plaintiff shall have the right to rescind the contract, and take the piano back into his possession, and that whatever sums shall have been paid shall become the property of the plaintiff. The contract is similar in all essential respects to that in the case of *Hine* v. *Roberts*, 48 Conn., 267, the only difference being that in that case a melodeon, valued at the sum of fifty dollars, and a note for one hundred and forty dollars, payable at a future day, were given for what the contract termed rent. The court held the contract to be an agreement for the sale of the organ when the contract price for it should have been paid. So here, the terms of this contract are inconsistent with those of a lease, but are consistent with those of a conditional sale. The sum to be paid is the entire present value of the piano, that is, one hundred and forty dollars. That sum, with the interest, is to be paid in a little more than two years, when the instrument would be nearly as valuable as it was at the outset. It is incredible that the defendant would be willing to pay as rent the entire value of the

instrument in so short a time, or that the plaintiff would be rapacious enough to demand it. Indeed the fact that the piano was by the contract to be the defendant's when the amount should be paid, shows decisively. that the monthly sums were to be paid, not as rent, but as the purchase price. Furthermore, it was thought important by the plaintiff that it should be provided that if the defendant should, at any time, fail to pay the stipulated sums when due, he should lose the piano, and that all that had been paid should belong to the plaintiff. There was no necessity for this if the contract was a lease of the property.

We think it clear that the parties stipulated for a conditional sale of the piano, leaving the sale to be consummated in the future when the purchase price should be paid. The plaintiff had the instrument to sell. The defendant desired to purchase it, but was unable to pay the entire price on the delivery of the property. The plaintiff was unwilling to give credit. So the arrangement under consideration was made, by which the plaintiff was enabled to accomplish his object by a conditional sale and be safe, and the defendant to have the use of the piano and pay for it in small sums, at stated times, according to his ability.

Such was the contract: and we are now to consider the rights of the parties under it. The defendant failed to perform it. He made default of payment after having paid a number of instalments. The contract provides for this contingency, by a forfeiture of all the defendant's rights under the contract, and of the sums of money that had been paid. This was considered sufficient protection by the plaintiff when he entered into the agreement, for he provided nothing further. The instalments were to be paid monthly. They exceeded in value the use of the piano for the same time. Surely, the plaintiff was thoroughly protected. Had he exercised his rights when the defendant made his first default in the month of May, this controversy would never have arisen. He would have had no cause to complain. But it is said that he indulged the defendant on his promises to pay the instalments in arrear, till the month

of October, although he continued to make default during the time; and it is claimed that this gives him the right to recover damages for a breach of the contract; or the fair value of the use of the piano during that period; or the instalments remaining unpaid.

It is not pretended that the defendant was guilty of fraud in making the promises. It must be taken that they were made in good faith, for the contrary is not alleged. Do they alter the case? They were merely the repetition of what the contract stated. The defendant in it promised to pay all the instalments as they should become due. Can a repetition make the promise stronger? The original promise is sufficient to make the defendant pay if he can be made to pay at all. Besides this, there is no consideration alleged for the new promises. Had the complaint set forth that when each default was made the plaintiff was about to exercise his rights under the contract by claiming a forfeiture, when the defendant proposed that if the plaintiff would forego his rights he would pay the overdue instalment, and the plaintiff so agreed and granted the indulgence, and in consideration thereof the defendant made the promise, a different case would have been presented. There would have been something more than a repetition of the original promise. But nothing appears in the complaint beyond the fact that the defendant made the promises and the plaintiff, relying upon them, left the piano in his possession. For aught that appears nothing was said by the plaintiff to the defendant to induce him to make the promises. It does not appear that he made any disclosure of what he intended to do. Consequently the promises are left wholly without consideration.

We think therefore that the demurrer was well taken to the first count of the plaintiff's complaint, for the reason that the plaintiff's remedy is set forth in the contract. He should have reclaimed his piano on the first default. Indeed, the defendant had the option by the contract at any time to surrender the piano and lose the instalments he had paid. There could be, therefore, no claim for damages other than the instalments, which the plaintiff already had.

We think also that the demurrer was well taken to the second count, for the reason that the defendant held the piano under a special contract, which continued in force until it was surrendered in the month of October, and therefore there could be no implied agreement. And for the same reasons we think the demurrer was well taken to the third count.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.