JOHN Z. CAMPBELL *vs.* LEBARON ATHERTON.

Androscoggin.    Opinion September 1, 1898.

*Conditional Sales.    Record.    Lease.   R. S., c. 91, § 1;   c. 111, § 5;   Stat. 1891, c. 11.*

In 1894, A and B made a written agreement, therein called a "lease," by the terms of which the former delivered to the latter certain articles of furniture, the price of which was stated in the agreement, for which B was to pay five dollars down and one dollar a week, as rental, until the whole price was paid, and A agreed, upon complete payment, to sell the furniture to B. B failed to make the payments as required by the agreement.

*Held;* a conditional sale, and not a mortgage, and not an agreement that personal property bargained and delivered for which a note was given should remain the property of A until the note was paid; and that a record of the city clerk's office was not required by the statutes then in force as against the plaintiff, a mortgagee of B.

AGREED STATEMENT.

The facts appear in the opinion.

*A. R. Savage and H. W. Oakes,* for plaintiff.

Under the addition made to the contract April 4th, signed by both parties, a new and different agreement was made. It contains all the essential elements of such a writing as is required to be recorded by R. S., c. 111, § 5, as amended by Stat. 1891, c. 11. Kelley had paid under this agreement thirty-two dollars, nearly

the full agreed price of the goods. The court will avoid a forfeiture and a hardship if possible. *Gross* v. *Jordan*, 83 Maine, 380; *Hervey* v. *Locomotive Works*, 93 U. S. 664; *Hine* v. *Roberts*, 48 Conn. 267, (40 Am. Rep. 170); *Loomis* v. *Bragg*, 50 Conn. 228, (47 Am. Rep. 638); *Whitcomb* v. *Woodworth*, 54 Vt. 544; *Lucas* v. *Campbell*, 88 Ill. 447; *Singer Co.* v. *Holcomb*, 40 Iowa, 33; *Domestic S. M. Co.* v. *Anderson*, 23 Minn. 57.

It will be observed that the contract as it finally appears, if it is construed by the court as a conditional sale and not as a lease, contains all the elements of a promissory note,— the parties, the time, the promise to pay a fixed sum at a definite time.

*W. H. Newell and W. B. Skelton*, for defendant.

SITTING: PETERS, C. J., HASKELL, WISWELL, STROUT, FOGLER, JJ.

FOGLER, J. This is an action of trespass quare clausum for entering the plaintiff's premises and taking away certain goods and chattels hereinafter referred to.

The defendant admits the entering and taking and justifies the taking of the goods and chattels as agent of the Atkinson Furnishing Company, claiming that the said goods and chattels at the time of the taking thereof, were the property of that company.

The Atkinson Company in March, 1894, delivered a portion of said goods to one Kelley and the following writing was signed by the company and said Kelley:

"53395

MEMORANDUM OF AN AGREEMENT made and entered into this 31st day of March, A. D. 1894, by and between the Atkinson Furnishing Company, of Lewiston, in the county of Androscoggin and State of Maine, of the first part, and Morrison O. Kelley of Auburn in the county of Androscoggin and State of Maine of the second part:

Witnesseth:

In consideration of five dollars paid to the party of the first part, by the party of the second part, the receipt whereof is hereby

acknowledged, said party of the first part hereby agrees, upon the complete payment of the amounts hereinafter specified, and at the respective times herein named, to sell to said party of the second part, the following goods and chattels, to wit:

[Here follows list and prices of goods.]

This instrument is upon the condition that said party of the second part shall pay to said party of the first part the sum of one dollar per week until the amount of this lease shall have been paid in full.

It is agreed that said party of the second part shall have possession of said goods and chattels until breach of the above written condition, but shall use them in a reasonable manner and shall keep them in such manner that said party of the first part may take possession of them upon any breach of the conditions, it being agreed that time is of the essence of this contract.

Provided, however, that after twenty dollars shall have been paid, then in case of default of any payment, the party of the second part shall have a grace of ten days, in which he may by payment of the sum then overdue, and interest thereon, be restored to the same rights which he would have had if he had made the payments promptly.

Made in duplicate the day and year first above written.

                              MORRISON O. KELLEY,
Witness,                      THE ATKINSON FURNISHING CO.
    C. P. ATHERTON.               Per L. B. Atherton."

Subsequently the company delivered to Kelley the other goods so taken by the defendant, and an agreement was written on the back of said original writing and signed by the parties, to the effect that the goods then delivered should " be added to and put upon the lease of goods hired by me of them previously and upon the same terms and conditions," and none of the goods "whether named in the original lease or afterwards added, is to be or become my property until the full amount or price for each and all of them is paid."

Neither the original agreement nor that subsequently made upon

the back of the original were recorded in the office of the city clerk of the city of Auburn in which said Kelley resided.

November 23, 1894, Kelley gave the plaintiff a mortgage of all the same goods, which was duly recorded in the city clerk's office, November 24, 1894.

Kelley has not paid the Atkinson Company in full the amount stipulated in said contract, and has not paid his mortgage debt to the plaintiff.

The plaintiff took possession of the goods under his mortgage, and the defendant, as the company's agent, entered the plaintiff's premises and took away the goods, for which entry and taking this suit is brought.

The plaintiff claims title to the goods under his mortgage, contending that the contract of Kelley and the Atkinson Company is invalid as against him because it was not recorded.

The defendant contends that the contract of Kelley and the company, whether it be regarded as a lease or a conditional sale, was not an instrument which, by the statute in force in 1894, was required to be recorded to be valid as against any other person than the parties thereto.

The plaintiff contends, in the first instance, that the instrument in controversy may fairly be considered a mortgage of personal property from Kelley to the Atkinson Company and therefore of a nature to require record under R. S., c. 91, § 1, which provides that "No mortgage of personal property is valid against any other person than the parties thereto unless . . . . the mortgage is recorded by the clerk of the city, town or plantation . . . . in which the mortgagor resides."

We are of the opinion that the transaction in question cannot be regarded as a mortgage. By the terms of the contract the title to the property remained in the Atkinson Company. Kelley was to have no title to the property until he should have paid the full amount stipulated in the contract. Having no title to the property, Kelley could give no mortgage to the party owning the same.

The plaintiff further contends that, if the court shall decide that the transaction cannot be construed as a mortgage, it contains all

the essentials of "an agreement that personal property bargained and delivered to another, for which a note is given, shall remain the property of the payee until the note is paid," and that by the provisions of R. S., c. 111, § 5, is not valid, except as between the original parties to said agreement, unless it is recorded like mortgages of personal property.

We do not think that either the original instrument, nor the subsequent agreement indorsed thereon can be regarded as containing the essentials of a note given by Kelley to the Atkinson Company.

As stated by the court in *Loomis* v. *Bragy*, 50 Conn. 228, in which the written contract was nearly identical with that in the case at bar: "The defendant's promise in the contract to pay the monthly rent was not to be regarded as a promise for the breach of which the plaintiff could maintain a suit, but the plaintiff's remedy was solely that provided by the contract, to retake the piano and hold as forfeited all that had been paid."

In the cases in this state where agreements of a somewhat similar character have been held to constitute or include a note, and so required to be recorded under the provisions of the statute above referred to, the written instrument contained, either expressly or by necessary implication, a promise to pay the price stipulated in the writing. *Nichols* v. *Ruggles*, 76 Maine, 25; *Cunningham* v. *Trevitt*, 82 Maine, 145; *Hill* v. *Nutter*, Id. 199.

When no such promise is expressed or necessarily implied in the writing, the transaction has been held to be a conditional sale. *Morris* v. *Lynde*, 73 Maine, 88; *Gross* v. *Jordan*, 83 Maine, 380; *Quimby* v. *Lowell*, 89 Maine, 547; *Hopkins* v. *Maxwell*, 91 Maine, 247; *Hine* v. *Roberts*, 48 Conn. 267; *Loomis* v. *Bragg*, supra; *Whitcomb* v. *Woodworth*, 54 Vt. 544.

In our opinion the transaction between Kelley and the Atkinson Company was a conditional sale, and no record of the writing was necessary under the statute then in force in order that the title to the property and the right of possession should remain absolutely in the company; and the defendant, as agent of the company, is not liable to the plaintiff for taking the property.

The parties have agreed that if the defendant was justified in taking the goods and chattels judgment is to be rendered for the plaintiff for nominal damages.

*Judgment for plaintiff.*
*Damages assessed at one dollar.*