# CHARLESTON.

### HATFIELD *v.* HAUBERT.

Submitted January 14, 1902. Decided March 15, 1902.

1. RESERVATION—*Notice*—*Recordation.*

   Notice of the reservation of title until property paid for, under section 3, chapter 74, Code, is not required to be acknowledged as a prerequisite to recordation. (p. 191).

Error to Circuit Court, Mingo County.

Action by G. W. Hatfield against P. J. L. Haubert and A. W. Watson. Judgment for plaintiff, and defendant Watson brings error.

*Reversed.*

H. K. SHUMATE, for plaintiff in error.

CAMPBELL, HOLT & CAMPBELL and STAFFORD & BLAKE, for defendant in error.

DENT, PRESIDENT:

A. W. Watson complains of a judgment of the circuit court of Mingo County in favor of G. W. Hatfield holding that said

Hatfield was entitled to the proceeds of certain logs sold under an attachment issued in his favor against P. J. L. Haubert. The logs were cut off the land of said Watson by virtue of a written contract between Watson by his agent, Jos. Simpkins, and Haubert, containing the following reservation: "But the party of the first part expressly reserves the legal title to the trees hereby sold until they are fully paid for, but this reservation shall not prevent said second party from cutting and removing said trees to the log yards herein above named, but said trees so cut and removed must be paid for as cut and removed and before they leave said log yards." The logs when levied on were in the log yard. The contract was placed on record in the clerk's office of said county. The only question really presented by the record is as to whether recordation of such contract without first being acknowledged was a sufficient notice of reservation of title under the latter clause of section 3, chapter 74, Code, which is in these words: "And if any sale be made of goods and chattels, reserving the title until the same is paid for, or otherwise, and possession be delivered to the buyer, such reservation shall be void as to creditors of, and purchasers without notice from, such buyer, unless a notice of such reservation be recorded in the office of the clerk of the county court of the county where the property is." This provision only requires a notice of the reservation of title to be recorded. All writings as a general rule under the statutes of this state must be duly acknowledged before they can be admitted to record. *Cox, Executor.* v. *Wayl, et als.,* 26 W. Va. 807. The object of this rule is to keep the records pure and free from false writings operating as clouds upon title, and to prevent forgery and at the same time furnish purchasers with such evidence of title as they may justly rely on. A paper which is not acknowledged although admitted to record cannot be received as evidence or notice of title as against the alleged grantor, for the reason that its genuineness does not appear on its face, not being authenticated in the manner provided by law. The same rule does not apply where the statute requires the grantor merely to give notice of the retention of title, for in such case the notice is not evidence against, but in favor of the grantor, and there is no good reason why he should be required to acknowledge the same. The statute not expressly requiring it and the reason therefor having no just foundation the rule ceases to have any application

by analogy or otherwise. In 1 C. L. P., 519, the law is stated to be that "where the statute authorizes record, but contains no provision requiring acknowledgment as a pre-requisite thereto, the instrument is entitled to record though unacknowledged, and will operate as constructive notice." The clause of the statute under consideration only applies to sales which are to be consummated within five years and does not require the recordation of the writing creating the reservation or even that such reservation be created by writing, but that notice thereof be recorded. There is no statute that requires papers which are to operate merely as notice to be acknowledged before recordation. A *lis pendens* is required to be recorded and yet acknowledgment is not pre-requisite thereto. The only object of recordation in such case is to give notice, and while it is not necessary to record the written contract itself, if it is recorded it is equivalent to such notice although it be not acknowledged. *Baldwin* v. *Van Wagner*, 33 W. Va. 293. The record does not show whether the saw logs in controversy have been disposed of or not. The judgment therefore is reversed and the case is remanded to the circuit court with directions to enter a judgment in favor of the petitioner, A. W. Watson, for the saw logs or the proceeds thereof.

*Reversed.*