# CHARLESTON.

FEDERAL SYSTEM OF BAKERIES OF AMERICA *et al.* v. BOYCE
MILLER *et al.*

Submitted November 21, 1922   Decided November 28, 1922.

SALE:—*Written Contract Granting License to Use Certain
Personalty With Patented Process Held Not a "Contract of
Sale" Within Recordation Requirements of Statute.*

A written contract by which the owner of personal property
permits or "licenses" it to be used by another, in connection
with, and in the exercise of an exclusive license to use a
patented process or invention, in a dsignated territoriity, for
and during the life of the patent, in consideration of money
paid and to be paid and a royalty in the form of a percentage
on the monthly receipts from the business, in which it is stip-
ulated that such personal property and all replacements
thereof, made at the expense of the licensee, shall be and re-
main the absolute property of the licensor, and under which
the property has been delivered into the possession of the
lencnsee, is not a contract of sale, either absolute or condi-
tional and is not within the recordation requirements of the
last clause of sec. 3 of ch. 74, of the Code.

Error to Circuit Court, Kanawha County.

Action by Boyce Miller and others against S. H. Hatch,
in which plaintiff caused an attachment to issue, and in which
the Federal System of Bakeries of America and others filed
a claim to the attached property.   To review the judgment
rendered, claimants bring error.

*Affirmed.*

*Henry S. Cato,* for plaintiffs in error.
*McWhorter & Carney,* for defendants in error.

POFFENBARGER, PRESIDENT:

On this writ of error, an attaching creditor complains of a
verdict and judgment in favor of a claimant of the property
on which his attachment was levied, found and rendered in
a trial of the issue as to the title to the property, raised on
the statutory petition of the claimant, for release thereof.

The property consisted of certain machinery and appliances used in conducting a patented system of baking. The judgment debtor, S. H. Hatch, had installed it in a certain room on Capitol Street in the City of Charleston, in March, 1920, and used it therein until some time in June, 1920. The plaintiff, a real estate agent, had procured a three-year lease on the room, in consideration of a commission on the rental, which amounted to $585.00. This had not been paid when financial disaster overtook the debtor, but an action of assumpsit for recovery thereof had been instituted in April, 1920. The debtor procured the use of the property from the Federal System of Bakeries of America, Incorporated, of Davenport, Iowa, and conducted his business under a license from that company. When the pressure from his creditors became irresistible, he wired the licensor information as to his trouble and asked assistance. He was advised to call a meeting of his creditors. Such meeting was held, but Miller, the attaching creditor, was not advised of it and did not attend. At that meeting, the irremediable condition of the debtor was disclosed. Thereupon, one Racer, a representative of the Federal System of Bakeries, claimed title to the property, in behalf of his principal. Hatch admitted the claim and it was agreed by him that the bakery should be dismantled and the property returned to its alleged owner. On July 6, 7, and 8, 1920, it was crated for shipment, by a storage and transfer company, but before it was shipped Miller caused an attachment issued in his pending action, to be levied on it, on the last named date. The storage company released it on bond and shipped it and then the alleged owner filed its said petition in the pending action.

By the contract under which Hatch installed and operated the plant, he was granted an exclusive license to use the system as well as the ovens and other appliances incorporating the inventions, for and during the life of the patents, in Kanawha County, West Virginia, in consideration of $10,-000.00 of which $2,500.00 was paid in cash and the balance deferred in installments, and, in addition thereto, his covenant to pay the licensor, on or before the 10th day of each

month, a sum equal to three per cent. of his gross receipts for the preceding month. Among other things, it was stipulated between the parties, that all ovens and other equipment "licensed by the licensor to the licensee," should be and remain the sole and absolute property of the licensor, subject only to the right of the licensee to use them, as in the agreement set forth. The licensee was required to replace broken or worn out parts, by purchase from the licensor, and to keep all machinery in repair, and, it was agreed that all renewed, replaced and repaired parts should be the property of the licensor. The licensee was required fully to develop and occupy the licensed territory, and it was provided, that if he failed to do so, the licensor might grant licenses to others and that the license should not in that event be exclusive, but the licensee was not to lose his right to operate the units or systems he should have actually taken and as to which he should have performed his agreement. There are no terms nor provisions in the contract importing intent or purpose to vest any title, legal or equitable, in the licensee, or any other right save that of custody and use. The terms, sale and lease, and all others indicative of purpose to pass title, conditionally or otherwise, are studiously avoided and clearly excluded.

The contention of the plaintiff in error is that the contract under which title is claimed by the petitioner is such a paper as the last clause of sec. 3 of ch. 74 of the Code, requires to be recorded, in order to make it available against creditors and purchasers without notice. Tested by its terms, the written contract does not fall within either the letter or the spirit of that statute. Nothing but sales of goods and chattels are contemplated by that provision and this contract is not, on its face, one of sale. The authorities relied upon as justifying interpretation of it, as one of sale, are inapplicable. In each of the contracts to which they relate, there was an agreement that, upon certain contingencies or in certain events, the title to the property should pass to the person to whom the possession thereof had been delivered. *McGinnis* v. *Savage,* 29 W. Va. 362; *Baldwin* v. *Van Wagner,* 33 W. Va. 293; *Harvey* v. *Locomotive Works,* 93 U. S. 664; *Martin* v.

*Mathiot,* 14 Serg. & R. (Pa.) 215.   In each of these cases, that was the element or factor upon which the transaction was held to be a conditional sale.   It cannot be found in this contract, either in express terms or by implication.

No inquiry arises as to whether it would be within the recordation requirements of the Uniform Conditional Sales Act, passed in 1921.   It antedates that statute.

Perceiving no ground upon which the verdict and judgment could rightfully have been different from what they are, the judgment will be affirmed.

*Affirmed.*