## STEWART *versus* HANSON.

A mortgage of chattels transfers to the mortgagee the legal title, subject to be defeated upon a redemption within the stipulated time.

A mortgagee of chattels has the right to immediate possession, unless he have otherwise agreed.

Declarations of a third person accompanying an act, and exhibiting the reason or purpose of the act, become a part of the act, and *as such*, may be introduced in evidence.

Of this class are declarations, accompanying an act, which specify a past transaction as the reason of the present act.

Thus a person, when delivering an article to the defendant, declared the reason to be that by a previous bargain, the article was to remain the defendant's property, unless paid for, which had not been done; —
*Held*, the declaration was a part of the delivery, and therefore admissible in evidence.

ON EXCEPTIONS from *Nisi Prius*, TENNEY, J., presiding.

TRESPASS *de bonis.*

Two persons named Christie mortgaged to the plaintiff the chattels in controversy, among which was a large red horse. The mortgage was dated Nov. 30, 1848. Its condition was that the mortagers should pay and indemnify the mortgagee against his suretyship upon their note payable May 30, 1849. It stipulated that the articles should remain with them till called for by the mortgagee. The note was paid by the mortgagee Aug. 18, 1849.

The plaintiff introduced evidence tending to prove that some of the articles were taken by the defendants from the possession of the mortgagers on July 16, 1849, and afterwards sold by him.

The defendant objected that the action is unmaintainable, because the plaintiff, not having paid the note on said 16th of July, and not having called for possession, had no right to possession, and therefore no right to bring trespass. The objection was overruled, and the defendant excepted.

The defendant offered to prove, that before the mortgage was made, one of the mortgagers came to the defendant with the horse and surrendered it to the defendant, declaring at the same time, that there was a previous bargain, that the horse was to remain the defendant's property, unless he paid the defendant for it, which he had not done. The Judge admitted the proof of the surrender of the horse, but excluded the declarations of the previous bargain and the defendant excepted.

The Judge instructed the jury that, if they believed the tes-

timony upon that point, they would be authorized to find that the horse was transferred to the defendant by that surrender, it not appearing, that the surrenderer then owed any debts.

The verdict was for the plaintiff for $538.

*Hutchinson*, for the defendant.

*Stewart, pro se.*

Declarations which are merely *narrative of a past transaction*, are not admissible as evidence. 1 Greenl. on Ev. § 110; S. P. in 1 Greenl. on Ev. § 99.

The defendant should have established by other proof that he let Christie have the horse in question, otherwise his declarations are not admissible for any purpose. *Pool* v. *Bridges*, 4 Pick. 379.

Here the defendant relied upon the acts and declarations of Christie to prove not only that he surrendered the horse to the defendant, but that he received it from him at some time previous.

He also relied upon these declarations to show what the bargain was at the time Christie received the horse. Nothing can be clearer upon legal principles than that these declarations were wholly inadmissible. The Court allowed the proof of the surrender to be put in by the defendant, allowed all his statements to be proved in relation to the *surrender itself*, and that he had not paid defendant for the horse. All this was allowed to be proved by the Court. But the declarations as to the previous bargain were excluded and properly so.

The declarations of a person not a party who is living and a competent witness, though against his interest at the time they were made, are inadmissible. *Fitch* v. *Chapman*, 10 Conn. 8; *S. P. Baker* v. *Briggs*, 8 Pick. 122.

WELLS, J. — A mortgagee of personal chattels has a right to the possession of them, unless it is agreed that they shall remain with the mortgager. *Libby* v. *Cushman*, 29 Maine, 429; *Holmes* v. *Sproul*, 31 Maine, 73. By a conveyance of goods in mortgage, the whole legal title passes conditionally

to the mortgagee, and if not redeemed at the time stipulated, the title becomes absolute at law. Story on Bail. § 287; *Flanders* v. *Barstow,* 18 Maine, 357.

In the present case, the mortgagers agree to keep the property mortgaged, "till called for, free of expense to said Stewart." The plaintiff had a right to the possession at any time, and the act of taking and selling the property was a violation of that right, for which trespass would lie. The mortgagers had no right to retain it against the will of the plaintiff. *Woodruff* v. *Halsey,* 8 Pick. 333; 1 Chit. Plead. 167. The plaintiff, like any other general owner, could take the actual custody of the property whenever it might suit his convenience. The defendant offered to prove, " that before the execution of the plaintiff's mortgage, one of the Christies, being one of the mortgagers, came with the large red horse, which was included in the mortgage, to the defendant and surrendered said horse to the defendant, at the same time declaring there was a previous bargain, that the horse was to be the property of the defendant, unless he paid the defendant for him, and this he had not done. The Judge admitted the proof of the surrender of the horse, but excluded the declarations of the previous bargain. And the jury were instructed, that they would be authorized to find, if they believed the testimony upon that point, that the large red horse was transferred to the defendant by his surrender, it not appearing that the mortgagers were owing at that time any debts."

It may be difficult to determine, at all times, when declarations shall be received as a part of the *res gesta.* But when they explain and illustrate it, they are clearly admissible. Mere narratives of past events, having no necessary connection with the act done, would not tend to explain it. But the declaration may properly refer to a past event as the true reason of the present conduct. If one should hand to another a sum of money, and should say that it is in payment of money borrowed at a former period, there could be no doubt, that the declaration would be explanatory of the act, although it referred to the past. So too if one should deliver a horse to an-

other with an accompanying declaration, that he had returned the horse, which he had previously hired of him ; the act and declaration would be admissible upon a question subsequently arising in relation to the title of the horse, between the person to whom it was delivered and one claiming the horse under the person, who made the declaration. But when the narrative departs from a just explanation of the act, it affords no elucidation of it. Because the declaration regards the past, it is not therefore to be rejected.

The declaration, in the present case, made at the time of the surrender, was before the plaintiff had acquired any interest in the horse. It implied, that the horse, at that time, was the property of the defendant. And although it referred to a previous bargain, that bargain was still existing. It was in substance a recognition of a present state of things, as much so as if it had then been agreed, that the horse was the property of the defendant, and was to remain as such until payment was made for him. The mortgager had at that time a perfect right to admit that the defendant owned the horse, or to recognize a prior agreement producing the same effect. The declaration does appear to be explanatory of the surrender.

But it is said, that the jury did not believe the fact of the surrender, and therefore the declaration was immaterial. But their disbelief may have arisen from the exclusion of the explanation. The proof of the surrender merely, without any information as to the reasons for it, might create doubts of the existence of the fact. If the evidence was admissible the party offering it should have had the benefit of it. The jury might have taken a more favorable view of the alleged fact, if the declaration had been admitted. The exceptions must be sustained.             *Verdict set aside and*
                              *a new trial granted.*

SHEPLEY, C. J., and HOWARD, RICE and HATHAWAY, J. J., concurred.