CHARLES F. COLLINS *vs.* CHRISTOPHER C. BRADBURY.

64   37
f102   147

*Promissory note—when negotiable. Practice.*

A note in the ordinary form, payable to order at a definite time, for a specified sum in money, is negotiable, notwithstanding the addition of the words, "said promise made for a colt, this day taken; said colt holden for the payment of said amount."

A nonsuit will not be ordered for a slight verbal variance between the note in suit and the declaration, when "the person and case can be rightly understood," and it is apparent that the declaration was intended to and does embrace the note in suit.

ON EXCEPTIONS.

ASSUMPSIT upon a promissory note, which is recited in the opinion. The declaration was as follows :

"In a plea of the case, for that the defendant, at Fort Fairfield, on the 24th day of June, 1869, by his promissory note of that date, by him signed, for value received promised the Joseph Chandler to pay him or order, the sum of $90, half in March next, the dollars balance in September next, and cents, with interest. Said promise made for a colt this day taken, said colt holden for the payment of said amount. And said Joseph Chandler thereafterwards, on the same day, indorsed, sold and delivered said note to the plaintiff, by reason and in consideration whereof, the defendant became liable, and promised the plaintiff to pay him the contents of said note, according to the tenor thereof."

The defendant moved for a nonsuit upon the ground that the note was not negotiable, and because the one offered in evidence did not correspond with that described in the declaration ; and to the refusal to grant this motion, he excepted.

*Madigan & Donworth* for the defendant.

I. The words in respect to which the note and declaration differ are seen to be many and material, upon a careful comparison. Certainly the omission of the word "after" from the declaration is a fatal variance because it declares upon a note bearing interest

from date, while the one offered, only bore interest after maturity of last instalment. The amount of the note is certainly matter of substance, to be proved as stated. 1 Greenl. on Ev., § 63 ; 2 Greenl. on Ev., § 160 ; 2 Pick., 222 ; 16 Pick., 359 ; 7 Mass., 65 and 325. By the use of the word "next" in the declaration, without saying "then next," the suit is apparently upon a note not due ; as "March next," and "September next," must mean next after the date of the writ.

II. This is not simply a note, but a contract for the retention of a colt ; and therefore not negotiable, nor suable in the name of an assignee, as the law then stood ; nor was copy filed as required by present law. It should be treated as though the contract as to the colt were written out, *in extenso.*

*L. Powers* for the plaintiff.

Appleton, C. J. This is an action of assumpsit by the plaintiff as the indorsee of a note of which the following is a copy :

"Fort Fairfield, June 24, 1869.

For value received, I promise to pay Joseph Chandler or order ninety dolls., one-half of which to be paid in March next, the remainder in Sept. next, after with interest. Said promise made for a colt, this day taken, said colt holden for the payment of said amount. C. C. Bradbury."

Indorsed : "without recourse to me. Joseph Chandler."

It is objected that the note is not negotiable, inasmuch as by the last clause the consideration of the note is stated, and that the colt should be holden for its payment.

The essentials of a promissory note are, that it is payable to order or bearer, in money, at all events, and not upon any contingency, nor out of any particular fund.

The note in suit has all these elements. That it states the consideration for which it was given ; and that, if recorded, it might operate as a mortgage, does not render it any the less a promissory note. Thus, in *Fancourt* v. *Thorne,* 58 E. C. L., 310, the note was in the following terms : "On demand I promise to pay

H. or order, £500, for value received, with interest at the rate of," &c. ; "and I have lodged with the said H, the counterpart leases signed by D.," &c., "for ground let by me to them respectively as a collateral security for the said £500 and interest," and the court held that it was a promissory note, and might be sued as such. In *Arnold* v. *Rock River Valley R. R. Co.*, 5 Duer, 207, it was decided that an instrument, which in its terms and form, is a negotiable promissory note, does not lose that character because it also states, that the maker has deposited bonds as collateral security for its payment, and that he agrees on non-payment of the note at maturity, that they may be sold in a manner, and upon a notice specified, and he will pay any deficiency necessary to satisfy the note, and the expenses of such sale. "The terms of this contract," observes Bosworth, J., "do not modify that part which contains a promise to pay, absolutely, to the order of the persons named in it, a sum certain, and on the day specified." So here, that there may be property holden to secure its payment, does not prevent the note in suit being negotiable.

Objection is taken that the note does not sustain the declaration. True, the writ is not a model of artistic pleading, but we think there is no fatal variance. The note has "ninety dolls. ;" the declaration, "$90" (in figures) ; the note says, "remainder," the declaration, "balance ;" the note says, "Sept.," the declaration, "September ;" but all this does not prevent the person and case from being rightly understood. The note is payable with interest. "The remainder in September next after," is next after the preceding payment, which was to have been made in March.

*Exceptions overruled.*

DICKERSON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.