ALFRED P. CATE

*vs.*

FREDERICK T. MERRILL and CARRIE C. MERRILL.

Cumberland.    Opinion November 18, 1917.

*Rights of mortgagor and mortgagee as to possession of mortgaged personal property.*
*Right of mortgagee to maintain replevin of mortgaged property.    Necessary*
*allegation as to title of mortgagee·in an action of replevin.    Mean-*
*ing of word "goods" and what may be included under*
*same.    General meaning of words "belonging to."*

This is an action of replevin and is reported by the following statement of facts:

The plaintiff's title to the property described in his writ depends on a certain chattel mortgage, a certified copy of which is filed with the case and made a part hereof.

The defendants admit that such a mortgage was given and that it was in default at the time this action was commenced.

The defendants contend and. by agreement herein submit to the court that the plaintiff cannot maintain this action of replevin;

1st.    Because his writ describes the chattels replevined as "belonging to the plaintiff," whereas his title depends on the mortgage.

2nd.    Because the mortgagors were rightfully in possession it is agreed that a demand must have been made upon the defendant, Carrie C. Merrill, and it is agreed that such a demand was made, but no allegation of demand is made in the writ.

3rd.    Because an account annexed is no part of a writ of replevin.

4th.    Because the writ in question does not particularly describe the place where the chattels were detained.

5th.    Because the writ commands a replevin of both beasts and chattels.

If the court finds that the plaintiff's form of writ is proper and such a writ as to enable him to maintain this action under the writ and pleadings, then judgment is to be for the plaintiff.

*Held:*

1.    That a mortgagee may replevy goods held under a mortgage in default.

2.    That he may declare on such goods as, "belonging to the mortgagee."

3.    That the words "belonging to" import general ownership.

4.  That general ownership, or legal title, is in the mortgagee, after default.

5.  That the statute of redemption does not change the character of the mortgage contract nor affect the quality of the title of the mortgagee.

6.  That demand is matter of proof, not of pleading.

7.  That articles replevied may be upon a schedule attached instead of being written upon the writ itself.

8.  That the statute relating to the replevin of "beasts restrained" does not apply to the replevin of beasts held as goods or chattels.

9.  That the term "goods" includes cattle for the purposes of replevin.

10.  The writ and pleadings must be held to be sufficient to enable the plaintiff to maintain his action.

Action of replevin reported to Law Court upon certain agreed statements. Judgment for plaintiff.

Case stated in opinion.

*William C. Eaton,* for plaintiff.

*H. C. Wilbur,* for defendant.

SITTING: CORNISH, C. J., SPEAR, KING, BIRD, HANSON, MADIGAN, JJ.

SPEAR, J. This is an action of replevin and is reported by the following statement of facts:

The plaintiff's title to the property described in his writ depends on a certain chattel mortgage, a certified copy of which is filed with the case and made a part hereof.

The defendants admit that such a mortgage was given and that it was in default at the time this action was commenced.

The defendants contend and by agreement herein submit to the court that the plaintiff cannot maintain this action of replevin;

1st. Because his writ describes the chattels replevined as "belonging to the plaintiff," whereas his title depends on the mortgage.

2nd. Because the mortgagors were rightfully in possession it is agreed that a demand must have been made upon the defendant, Carrie C. Merrill, and it is agreed that such a demand was made, but no allegation of demand is made in the writ.

3rd. Because an account annexed is no part of a writ of replevin.

4th. Because the writ in question does not particularly describe the place where the chattels were detained.

5th. Because the writ commands a replevin of both beasts and chattels.

If the court finds that the plaintiff's form of writ is proper and such a writ as to enable him to maintain this action under the writ and pleadings, then judgment is to be for the plaintiff.

If the court finds that the plaintiff cannot maintain this action under this writ and pleading, then judgment is to be for the return of the goods together with damages assessed at a total of fifty ($50) dollars.

The first objection raised by the defendant is that the plaintiff describes himself as the general owner of the property by the use of the words "belonging to the plaintiff" whereas he has only a special title in the property depending upon his mortgage. It is established law that a mortgagee may maintain replevin of the mortgaged chattels when the mortgage is in default or before default if the mortgage does not provide for the retention of possession in the mortgagor. *Partridge* v. *Swazey*, 46 Maine, 414; *Ferguson* v. *Thomas*, 26 Maine, 499; *Pickard* v. *Low*, 15 Maine, 50; *Ingraham* v. *Martin*, 15 Maine, 375.

The agreed statement shows that the mortgage was in default at the date of the writ, and consequently the plaintiff was entitled to bring an action of replevin.

Did he declare in proper form?

The phrase "belonging to" imports general ownership or an unqualified title. The question, therefore, raised by the first objection is one of pleading. After default of a mortgage, is the allegation, that the mortgagee is the owner of the mortgaged property, sufficient to authorize the admission of evidence, that his ownership or title depends upon a mortgage which has been defaulted, but still subject to redemption? Or is his title of that special character, which requires him to declare his special, instead of his general, ownership? This question is on the law side of the court, and must be determined upon the application of legal rules. The first question, therefore, which arises in determining the validity of these pleadings, depends upon the character of the title vested, by the mortgage and its default, in the mortgagee. If he holds the legal title, we can discover no reason why he cannot proceed in his pleadings or in his form of action, upon the character of the title vested in him by law, notwithstanding that subsequent action of the mortgagor may divest him of the title.

This question seems to have been settled in favor of the plaintiff in *Donnell et al.* v. *G. G. Deering Co.*, 115 Maine, 32, 97 Atl., 130. The court say: "A chattel mortgage carries the whole legal title to the property mortgaged to the mortgagee conditionally, and, if the condition is not performed, the mortgagee's title becomes absolute at law." *Stewart* v. *Hanson*, 35 Maine, 506. The only right remaining to such a mortgagor is an equity of redemption. He has no title to the property and therefore has no right in it incident to ownership." *Flanders* v. *Barstow*, 18 Maine, 357.

The phrase "absolute at law" as above used may need a word of explanation. A personal mortgage is a contract which conveys in terms the legal title, upon a condition subsequent. The only thing that prevents the contract from conveying a title "absolute at law," is the condition. Considered as a contract, if the condition is not performed, nothing then intervenes to prevent the contract from being consummated, and the title becoming "absolute at law." At common law this would be the case. There was no right of redemption, until equity crept in to prevent a forfeiture. Modern American Law, Vol. 8, 287, paragraph 6. Therefore at common law the title would become "absolute at law" upon default to perform the condition, and vest an indefeasible title, but for the provision of the statute, which, at this point, intervenes, and gives the mortgagor sixty days after foreclosure in which to redeem. But the statute does not change the character of the title conveyed by the mortgage contract, nor affect the quality of the title of the mortgagee. He may be divested by redemption. But upon failure to redeem, without any new act, his title continues "absolute at law" under his contract, and becomes indefeasible, under the statute. It, therefore, follows that after condition broken his title remained "absolute at law" until it was redeemed by performing the condition, or became indefeasible by a failure to perform. The allegation in the writ describing the chattels replevined as "belonging to the plaintiff" was properly pleaded.

The second objection is without merit. Demand is a matter of proof. *Littlefield* v. *Railroad Co.*, 104 Maine, 126.

"The third objection is, that a schedule is no part of a writ of replevin. The writ reads: We command you, that you replevy the goods and chattels following, viz: 2 black walnut divans," and numerous other articles.

The complaint is, that the schedule of the articles enumerated, beginning with "2 black walnut divans", is on a separate sheet of paper, attached to the writ, in the proper place following the command to replevy, instead of being written on the paper on which the writ is printed. Upon hearing the writ read, no one could detect whether the schedule was written on the writ or on the attached sheet. Yet the distinction here urged has received in some states the sanction of the courts. It was never so sanctioned in this State and if it had been, we should feel the time had tardily come when so transparent a distinction should be supplanted by the introduction of a rule bearing the impress of reasonable interpretation. Such a rule has been held to apply to an action of trover, and is equally applicable to an action of replevin. *Stinchfield* v. *Twaddle,* 81 Maine, 273.

The fourth objection should have been raised by demurrer. *Gardner* v. *Humphrey,* 10 Johnson, 53.

The fifth objection is without merit. The statute for the replevin of "beasts distrained" does not apply. In Vermont under a statute almost verbatim like ours the court held that "goods" included cattle, and sustained an action of replevin for seven cattle. *Eddy* v. *Davis,* 35 Vermont, 247. The word "goods" simply and without qualification, will pass the whole personal estate when used in a will, including stocks and bonds. *State* v. *Bartlett,* 55 Maine, page 211. "Goods. The plural of good; a word which has a very extensive meaning, and is of large signification. It is generally understood to mean personal estate as distinguished from realty, and to embrace every species of property which is not real estate or freehold." 20 Cyc., 1262. Our courts have recognized this rule in actual practice. *Lewis* v. *Smart,* 67 Maine, 206, involved the replevin of cattle, as goods and chattels. No question was raised as to the form of the pleading. It seems to be taken as a matter of course that cattle were included in the word "goods." The court in the first sentence of the opinion say: "The owner or person entitled to the possession of chattels may, under our statutes, replevy them from any one who has wrongfully taken them, or who coming rightfully into possession of them, wrongfully detains them from him."

It should be here noted that the court in the paragraph quoted used the word "chattels" interchangeably with the word "goods," as in the replevin statute the word "goods" is the only word employed to embrace the various classes of personal property that may be replevied.

The writ and pleadings must be held to be sufficient to enable the plaintiff to maintain his action. Under the stipulation in the report the entry must be,

*Judgment for the plaintiff.*