HARTFORD ACCIDENT AND INDEMNITY COMPANY

*vs.*

FORREST .G. SPOFFORD

York.   Opinion   October   12,   1927.

*Under a conditional sale contract, properly recorded, in which title is expressly reserved in vendor, vendee is not the "owner" of an automobile within the meaning of the statute, nor has the vendee implied authority, by reason of his right of possession and use of the chattel, to procure necessary repairs on same on the credit of the property.*

*The rights of a vendor under such circumstances are superior to the rights of leinor when a bill for repairs is incurred by vendee without the knowledge or consent of vendor.*

*Conditional sale vendee occupies a different position in this respect from that of mortgagor.*

On report. An action of replevin to recover an automobile from defendant, a deputy sheriff, who attached the automobile in an action

by a garage man seeking to enforce a lien for repairs and materials. The plaintiff claimed title under a conditional sale contract, and the repairs were made and materials furnished without the knowledge or consent of plaintiff.  Judgment for plaintiff.

The case fully appears in the opinion.

*Reginald H. Harris and Horace E. Eaton,* for plaintiff.

*Charles T. Read,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, PAT-TANGALL, JJ.

PATTANGALL, J. On report.  Agreed statement of facts.  An action of replevin in which plaintiff seeks to recover an automobile from defendant, a deputy sheriff, who had attached the same in an action brought by one Valliere to enforce a statutory lien under the provisions of Section 56 and 57 Chap. 96 R. S. as amended by Chap. 171 P. L. 1925.

The repairs on the automobile were made at the request of one Emery who was in possession of the car, under a conditional sale contract which plaintiff held as assignee of the original vendor. The repairs were necessary.  The bill for same was reasonable.  The statutory provisions for enforcing the lien were all complied with by Valliere.  The conditional sale contract was properly recorded by plaintiff and its conditions had not been fulfilled by Emery.  Plaintiff had no knowledge of the repairs until after they had been made and neither consented to or directed their making.

The conditional sale contract contained the following provisions: "The lessee agrees to pay the lessor $1419.00 for said chattel, $413.00 on delivery and the balance payable in equal monthly installments of $55.88 each, the first payable one month after date, as stated in the note of the lessee of even date herewith, which is given by the lessee and received by the lessor, not as payment, but as evidence of the amount due hereunder.  Provided the lessee makes the payment above specified and carries out his part of this contract, the lessor agrees that it will secure and deliver to the lessee a bill of sale of said chattel, but it is distinctly understood and agreed that until all of the agreements of the lessee have been complied with, the owner-

ship of said chattel shall remain vested in the lessor and this instrument shall constitute a lease of said chattel for the period during which said payments are to be made."

The sole issue in the case is whether under these facts, and in the light of the statute applicable to the case, the lien constitutes a prior claim to that of the plaintiff, evidenced by the conditional sale contract.

The pertinent portion of the statute reads: "Whoever performs labor by himself or his employees in * * * repairing * * * vehicles, by direction or consent of the owner thereof, shall have a lien on such vehicle * * * which takes precedence of all other claims and incumbrances on said vehicle not made to secure a similar lien." At common law, plaintiff would have the superior title. *Small* v. *Robinson*, 69 Me. 427; *Bath Motor Mart* v. *Miller*, 122 Me. 29. The rights of the lienor are enlarged by the statute in certain respects but it is still necessary that the repairs should be made "by direction or consent of the owner."

If judgment is to be for the defendant it must be because of one of two propositions: either that the word "owner," in the meaning of the statute, includes a conditional sale vendee or that by entrusting the vendee with possession and a right to use the autmobile, vendor impliedly clothed vendee with authority to contract for necessary repairs, so that such repairs, if made at the request or direction of vendee were as though made by vendor's request or direction.

As bearing upon the first proposition, defendant argues that a fair construction of the statute compels the finding that the word "owner," as there used, includes mortgagors. This may be correct. Such a construction would not be unreasonable. But that question is not before us. There is no mortgagor in this case. The contract was of conditional sale, not a mortgage. *Piano Co.* v. *Adams*, 114 Me. 390. By its terms, no title passed to the vendee until all payments were completed. Having no title, he could give no mortgage. *Campbell* v. *Atherton Co.* 92 Me. 69; *Delaval Co.* v. *Jones*, 117 Me. 95.

There is a distinct difference between the position of mortgagor and a conditional sale vendee. The former must own the proprety which he mortgages. In common parlance he is denominated the owner. Not so this vendee. He holds possession under an executory contract to purchase. He may have acquired equitable rights

in the property but to speak of him as the owner, not only disregards the correct use of language but negatives the terms of the contract into which he has entered.

Plaintiff was the owner of the automobile. It expressly provided, in its contract, that it should retain title until the automobile was paid for in full and by properly recording the instrument, gave notice of its ownership, to the world. The statute cannot fairly be construed so as to include, in the word "owner", the conditional vendee, under the contract in evidence here.

As to the second proposition: There is authority for it. Irrespective of the cases which appear to sustain the position but are found on more careful examination to rest upon explicit provisions of statute, the doctrine is asserted in *Hammond* v. *Danielson*, 126 Mass. 294; *Howes* v. *Newcomb*, 146 Mass. 76; *Guaranty Security Co.* v. *Brophy*, 243 Mass. 598; *Meyers* v. *Nealy and Auto Co.* (Md.) 30 A.L.R. 1227.

The reasoning of these cases may be summarized as follows: The property was placed in the possession of the vendee, or left in the possession of the mortgagor, to be used by him. Use implies, in the case of a carriage or an automobile, necessary repair, from time to time and inasmuch as such repairs can only, ordinarily, be procured by employing a skilled mechanic, authority to contract for such repairs is impliedly granted by the vendor and the claim for such repairs so impliedly ordered by or, at least, consented to, by him, would subject the property to a valid lien.

The cases above mentioned, with the exception of *Meyers* v. *Nealy and Auto Co.*, which dealt with a statutory lien and a conditional sale contract, involved common law liens and the comparative rights of lienors and mortgagors. But the logic of the cases applies as well to conditional sale vendees as to mortgagors and if accepted as conclusive, is decisive in favor of this defendant, for the statute does not narrow the rights of lienors. On the contrary it enlarges them.

But our court has taken an opposite view of the matter. The earliest of these cases, *Hammond* v. *Danielson,* supra, was decided in February 1879. The identical question came before our court in April of that year, in *Small* v. *Robinson,* supra, and Appleton, C. J. did not agree with the conclusion of the Massachusetts court. *Small* v. *Robinson* was affirmed in *Bath Motor Mart* v. *Miller*, supra, in

1922 and the doctrine of these two cases is the law of this state, so far as common law liens are concerned, on the point in issue.

The Maine cases, in this respect, are supported by the weight of authority.

The subject is very fully discussed and the position of our court upheld in *Shaw* v. *Webb* (Tenn.) 174 S. W. 273 and *Cache Auto Company* v. *Central Garage Company* (Utah) 221 Pac. 862. In the latter case, many decisions are assembled and analyzed with the result that nearly all of the cases which are apparently out of accord with the doctrine of this court, are found to have been inflenced by statutory provisions unlike ours.

It is true that our statute gives precedence to the claim of the lienor over all other claims and encumbrances, excepting similar liens, but on one condition and in one event only, namely, that the claim is based on repairs ordered or consented to by the owner. Unless that condition is complied with no lien attaches.

A conditional sale vendee not being within the meaning of the word "owner" as used in our statute and our court having rejected the theory that the right to possession and use of a chattel carries with it by implication, authority to encumber the property with mechanics liens without the knowledge of the owner, the result, in view of the facts in this case, is obvious.

*Judgment for Plaintiff.*