EASTERN TRUST AND BANKING COMPANY

*vs.*

BEAN & CONQUEST, INC.

Penobscot.   Opinion, June 28, 1952.

*F. B. Dodd,* for Plaintiff.

*Shirley Berger*, for Defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

FELLOWS, J. This is an action of replevin brought in the Superior Court for the County of Penobscot and referred to and heard by a referee on an agreed statement of facts. The referee found for the plaintiff, but on objections to the acceptance being duly filed by defendant, the referee's report was "rejected" by the court. The case is before the Law Court on exceptions by the plaintiff to the order rejecting the report of the referee.

The plaintiff, Eastern Trust & Banking Company, is the holder of a duly recorded chattel mortgage on the trucks replevied. Clyde Pelkey, the mortgagor, in possession of the mortgaged trucks had certain necessary repairs made on the trucks at the garage of the defendant, Bean & Conquest, Inc., without the knowledge or consent of the plaintiff mortgagee. The defendant claims a lien for these necessary repairs, and has complied with statutory requirements for enforcement of its lien if it has a lien. The question presented by this case is whether the defendant has a lien for repairs which takes precedence of the plaintiff's mortgage. Does a mortgagor in possession of the mortgaged property, and without the knowledge and consent of the mortgagee, have the power to permit through contract a repairman's lien that has priority of a duly recorded mortgage? Is a mortgagor in possession of the mortgaged chattels the "owner," within the terms and meaning of the lien statute?

The material portions of the lien statute (R. S., 1944, Chap. 164, Sec. 61) is as follows: "Whoever performs labor by himself or his employees in * * * repairing * * * vehicles * * * by direction or consent of the owner thereof, shall have a lien * * * which takes precedence of all other claims and incumbrances * * *."

In its objections to the acceptance of the referee's finding for the plaintiff, filed in Superior Court, the defendant

claimed the decision of the referee was erroneous in that the referee decided that the mortgagor was not the "owner," and the referee also "held that the mortgagee, who permitted the mortgagor to be in possession and use of the chattels, did not impliedly authorize the mortgagor, without the knowledge or direction of the mortgagee, to encumber the chattels herein described in a mechanic's lien." In other words, the defendant claims (1) that the mortgagor is the "owner" under the statute. The defendant also claims (2) that if the mortgagor is not the "owner," that when the mortgagee permitted the mortgagor to keep possession and to use the trucks, he impliedly gave the mortgagor authority to contract for any necessary repairs.

Whatever may be the statutory or other rule in a few jurisdictions, Maine has always held the mortgagee to be the owner of the property mortgaged. Under early common law the mortgagee was the owner, and the mortgagor had no equity of redemption. At the present time, the mortgagor transfers his title to the mortgagee, but the mortgagor is entitled to redeem. *Donald* v. *G. G. Deering Co.,* 115 Me. 32; *Stewart* v. *Hanson,* 35 Me. 506; *Drummond* v. *Griffin,* 114 Me. 120. The mortgagee of personal chattels has the right to the possession of them, unless it is agreed that they shall remain with the mortgagor. *Libby* v. *Cushman,* 29 Me. 429; *Cate* v. *Merrill,* 116 Me. 432. "A bailee can give no lien upon property bailed, as against the owner." *Small* v. *Robinson,* 69 Me. 425, 428; *Motor Mart* v. *Miller,* 122 Me. 29. The owner must order or consent to the repairs. *Indemnity Company* v. *Spofford,* 126 Me. 392. See also 14 C. J. S. "Chattel Mortgages," 939, Par. 300, 10 Am. Jur., "Chattel Mortgages," 858, Par. 217.

The referee in this case made the following decision, which we believe states the applicable rules correctly:

> "The issue is whether under these facts and in the light of the statute applicable to the case the lien

constitutes a claim prior to that of the plaintiff evidenced by the mortgage. The precise question arose in the case of *Hartford Accident and Indemnity Co.* v. *Forrest G. Spofford,* 126 Maine, 392, except in that case the plaintiff claimed as a conditional sale vendor. The plaintiff was sustained. 'The mortgage conveys title to the vendee which may be defeated by payment by the vendor: the Holmes Note retains title in the vendor which may be defeated by payment by the vendee.' *Delaval Separator Co.* v. *Jones,* 117 Maine, 95-97. 'The chattel mortgage carries the whole legal title of the property mortgaged conditionally.' *Cate* v. *Merrill,* 116 Maine, 432. *Donnell* v. *G. G. Deering Co.,* 115 Maine, 32. A conditional vendee holds no title until all payments are completed. *Hartford Accident & Indemnity Co.* v. *Spofford,* supra. So that it is apparent that a mortgagee and a conditional sales vendor each have the same kind of title that of the former defeated by payment by the mortgagor, the latter defeated by payment of the vendee.

*Allen Co.* v. *Emerton,* 108 Maine, 221, a lien action where this same question arose on a real estate mortgage the court held—'In this state as between the mortgagor and the mortgagee the mortgagee holds the legal estate in the mortgaged premises with all the incidents of the ownership in fee while the mortgagor retains an equitable right under a condition subsequent contained in the deed.' The parties have agreed that if judgment is for plaintiff there is no damage, if for defendant there is to be no order for return but damages are to be assessed at $228.85.

We hold that the word owner as used in the lien statute includes mortgagee. And we further hold as did the court in the case *Hartford Indemnity Co.* v. *Spofford,* 126 Maine, 332, although it was speaking of a conditional sale contract, the right to possession and use of the chattels by the mortgagor does not carry by implication, authority to

encumber the chattels with a mechanic's lien without the knowledge or direction of the mortgagee.

Judgment for plaintiff."

The report of the referee was correct, and the rejection of the report by the Superior Court was error.

*Exceptions sustained.*