STATE OF MAINE                                    BUSINESS AND CONSUMER COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. BCD-CIV-2023-00025


JOHN H. RAMPINO,                      )
                                      )
            Plaintiff,                )              ORDER DENYING THIBEAULT
                                      )              PROPERTIES & INVESTMENTS,
      v.                              )              LLC'S MOTION FOR SUMMARY
                                      )              JUDGMENT
                                      )
REDLINE PROPERTIES, LLC               )
                                      )
            Defendant,                )
                                      )
      and                             )
                                      )
THIBEAULT PROPERTIES &                )
INVESTMENTS, LLC and HANCOCK          )
LUMBER COMPANY, INC.,                 )
                                      )
            Parties-in-Interest.      )

## INTRODUCTION

Before the court is a Motion for Summary Judgment (the "Motion") filed by party-in-

interest Thibeault Properties & Investments, LLC ("Thibeault") in the above-captioned matter.[1]

By and through its motion, Thibeault seeks a declaration by this Court that certain of its mortgages

have priority over an instrument recorded by Plaintiff John Rampino ("Rampino"), which

Rampino now seeks to enforce against Defendant Redline Properties, LLC ("Redline") and

Thibeault. *See* Pl.'s Compl. ¶¶ 7-14, 17-19. The question the Motion presents is whether a

promissory note that contains security language can also serve as a mortgage, such that its

---

[1] This lawsuit is one of three actions docketed in the Business & Consumer Court involving the parties: Nos. BCD-CIV-2023-00024, *Thibeault Properties & Investments, LLC v. Redline Properties, LLC*; BCD-CIV-2023-00025, *John Rampino v. Redline Properties, LLC* (the present action); and BCD-CIV-2023-00026, *Redline Properties, LLC v. Thibeault Properties & Investments, LLC*. There is also a pending lawsuit filed against Defendant Redline Properties, LLC that involves neither Thibeault nor John Rampino, BCD-REA-2023-00008, *Moriarty Electric Co. v. Redline Properties, LLC, et al.*

1

recording establishes priority over a later-filed mortgage qua mortgage. The answer is "possibly," and for the reasons discussed below the Court DENIES Thibeault's motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the parties' statements of material facts and the portions of the record referenced therein "disclose no genuine issues of material fact and reveal that one party is entitled to judgment as a matter of law." *Currie v. Indus. Sec., Inc.*, 2007 ME 12, ¶ 11, 915 A.2d 400 (citing M.R. Civ. P. 56(c)). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a [fact-finder] to choose between competing versions of the fact." *Lougee Conservancy v. CitiMortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (quoting *Stewart-Dore v. Webber Hosp. Ass'n*, 2011 ME 26, ¶ 8, 13 A.3d 773). The Court must view the record facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor of the same. *Watt v. UniFirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897 (citations omitted); *Levis v. Konitzky*, 2016 ME 167, ¶ 20, 151 A.3d 20. When the defendant is the moving party, it must establish that there is no genuine dispute of fact and that the undisputed facts would entitle it to judgment as a matter of law. *Diviney v. Univ. of Me. Sys.*, 2017 ME 56, ¶ 14, 158 A.3d 5.

## FACTS

Thibeault occasionally lends money to real estate developers in the states of New Hampshire and Maine. S.M.F. ¶ 1. Redline purchased undeveloped land located on Railroad Avenue within the towns of Sanford and Alfred, Maine, from a Mary E. Crowley by deed dated August 14, 2021, and recorded in the York County Registry of Deeds (the "Registry of Deeds") at Book 18786, Page 627. S.M.F. ¶¶ 2-3. Thereafter, on September 23, 2021, Redline executed and delivered to Thibeault two promissory notes, each payable to Thibeault: one in the amount of

2

$116,500 and another for $56,500. S.M.F. ¶¶ 4-5. The $116,500 note was secured by a mortgage on Redline's Alfred property, which mortgage was executed on September 23, 2021 (the "Alfred Mortgage"). S.M.F. ¶ 6. The $56,500 note was secured by a mortgage on Redline's Sanford property, which was also executed on September 23, 2021 (the "Sanford Mortgage"). S.M.F. ¶ 8. Neither mortgage was recorded at the time.

On October 1, 2021, Redline executed and delivered to Rampino a promissory note for the amount of $100,000 (the "Rampino Note"). S.M.F. ¶ 10; Pl.'s Compl. Ex. A. As established at oral argument, the Rampino Note was not prepared by legal counsel. Among its other terms, the Rampino Note states the following:

> 5. This Note is secured by the following security (the "Security"): Map R6 Lot 41, Sanford, Maine 04073, Map 6 Lot 25-B, Alfred Maine 04002
>
> 6. The Borrower [Redline Properties, LLC] grants to the Lender [John H. Rampino] a security interest in the Security until this Note is paid in full.

Pl.'s Compl. Ex. A, ¶¶ 5-6. The security referred to in the Rampino Note is the same real property that is the subject of the Alfred Mortgage and the Sanford Mortgage. The Rampino Note was recorded with the Registry of Deeds on October 4, 2021, at Book 18824, Page 658. S.M.F. ¶ 10.

Three days later, on October 7, 2021, Thibeault recorded the Alfred Mortgage with the Registry of Deeds at Book 18829, Page 807.[2] S.M.F. ¶ 6. Also that same day, Thibault recorded the Sanford Mortgage with the Registry of Deeds at Book 18829, Page 800. S.M.F. ¶ 8. Notably, each of the mortgages given by Redline to Thibeault were recorded after the recordation of the Rampino Note.[3]

---

[2] The note and mortgage were modified by agreement on January 10, 2022, to increase the amount of the note secured by the mortgage to $241,500. S.M.F. ¶ 7.

[3] On February 10, 2022, Thibeault released the Sanford Mortgage securing the $56,500 note as to a 2.3499-acre parcel of real property by the release recorded with the Registry of Deeds at Book 18950, Page 700. S.M.F. ¶ 9. Rampino also released any interest he had in the 2.3499-acre parcel by virtue of the partial release dated April 29, 2022, and recorded with the Registry of Deeds at Book 19031, Page 48. S.M.F. ¶ 11.

Thibeault ultimately foreclosed on the Sanford and Alfred properties by advertised sale, which was held on August 18, 2022. S.M.F. ¶ 12. At auction, Thibeault was the high bidder for each property subject to foreclosure. S.M.F. ¶¶ 13-14. Thibeault acquired the Alfred property by virtue of a foreclosure deed dated September 7, 2022, and recorded with the Registry of Deeds at Book 19109, Page 484. S.M.F. ¶ 13. Thibeault acquired the Sanford property by virtue of a foreclosure deed of the same date and recorded with the Registry of Deeds at Book 19109, 486. S.M.F. ¶ 14.

## DISCUSSION

Rampino contends that the Rampino Note, recorded October 4, 2021, is a legal and valid mortgage or lien with priority over Thibeault's two mortgages, each of which were later recorded on October 7, 2021. S.M.F. ¶ 15. There is no dispute that the Rampino Note constitutes a valid promissory note. S.M.F. ¶ 10. The parties' disagreement is focused on whether it also constitutes an enforceable mortgage or lien encumbering title to real property.

Thibeault argues that it is entitled to a summary judgment, because Maine law requires "a conveyance, in words and form like a deed." Mot. Summ. J. 4. According to Thibeault, the Rampino Note does not operate to convey real property and thus cannot create a mortgage under Maine law. In his opposition, Rampino argues that the Rampino Note constitutes both a promissory note and a mortgage under Maine law. Pl.'s Opp'n to Mot. Summ. J. 2-5. In the alternative, Rampino argues that the Rampino Note's terms are ambiguous and extrinsic evidence is consequently required to divine their intended meaning. Since the summary judgment record is devoid of extrinsic evidence, Rampino asserts summary judgment is inappropriate. Pl.'s Opp'n to Mot. Summ. J. 5-6. The Court is persuaded by this latter argument.

I.    **Whether the Rampino Note can constitute both a promissory note and mortgage under Maine law.**

4

Fundamentally, a "promissory note" is a document or instrument by which a debtor promises to pay the debt owed to the lender, and which secures that debt. *See Collins v. Bradbury*, 64 Me. 37, 38 (1875). Like promissory notes, mortgages also constitute securities or secured interests. *See Sabina v. JP Morgan Chase Bank, N.A.*, 2016 ME 141, ¶ 7, 148 A.3d 284. However, unlike notes, mortgages securitize the underlying debt through "a conditional conveyance with legal title vested in the mortgagee." *Ocwen Fed. Bank v. Gile*, 2001 ME 120, ¶ 18, 777 A.2d 275 (citation and internal quotation marks omitted). "The mortgagee is regarded as having all the rights of a grantee in fee, subject to the defeasance" upon satisfaction of the secured debt. *Johnson v. McNeil*, 2002 ME 99, ¶¶ 10-11, 800 A.2d 702 (citations and internal quotation marks omitted). Hence, the key feature distinguishing notes from mortgages is that, unlike notes, mortgages must convey legal title to the mortgagee.[4] *See generally Lambert v. New England Fire Ins. Co.*, 148 Me. 60, 65-67, 90 A.2d 451, 453-54 (1952) (discussing chattel mortgages).

Under Maine law, however, it is possible for an instrument to constitute both a promissory note and a mortgage. *See Collins*, 64 Me. at 38. For many reasons, using one instrument to serve both functions is not common practice, especially when legal counsel are involved in the drafting. But the fact that the Rampino Note was drafted by a lay person, and does not follow contemporary

---

[4] The distinction is an important one, especially in the remedial context. The United States District Court for the Southern District of Florida neatly summarized the significance of this distinction:

> A mortgage is the security for the payment of the negotiable promissory note. A promissory note is not a mortgage. Instead, [t]he promise to pay is one distinct agreement, and, if couched in proper terms is negotiable. The pledge of real estate to secure that promise is another distinct agreement, which ordinarily is not intended to affect in the least the promise to pay, but only to give a remedy for failure to carry out the promise to pay. The holder of the note may discard the mortgage entirely, and sue and recover on the note. … Put simply, a loan obligates you to pay the lender back, while a mortgage gives the lender the ability to take your house if you fail to meet that obligation. Thus, although most people get both a loan and a mortgage when they buy a house, the two are separate agreements setting forth different rights and obligations.

*Fis v. Newrez, LLC*, No. 22-81364-CV-AMC, 2022 U.S. Dist. LEXIS 233104, at *8-9 (S.D. Fla. Dec. 28, 2022) (citations and quotations marks omitted).

norms, is not necessarily fatal. The question is whether its terms satisfy the substantive requirements to make a mortgage in addition to the loan agreement stipulated to by the parties.

### a. Whether the Rampino Note effects a "conditional conveyance."

The word "grant" is a sufficient word of conveyance. 33 M.R.S. § 771 (2023). Here, the Rampino Note defines the "Security" as the real property at issue. In the next paragraph, Redline purportedly "grants" a "security interest" in that real property to Rampino. There is no question that the Rampino Note contemplates a conveyance.

In the context of mortgages, the conveyance must be conditional such that the title vested into the mortgagee will be defeated upon satisfaction of the condition. *See Warren v. Norwood*, 138 Me. 180, 190, 24 A.2d 229, 234 (1941); *see also* 33 M.R.S. § 501 (2023). As noted above, the Rampino Note contemplated a conveyance of a security interest in real estate. However, the conveyed security interest could persist only "until" such time as the Rampino Note was "paid in full." Hence, the conveyance is conditioned upon satisfaction of the secured debt.

The remaining question is whether this conditional conveyance operated to transfer legal title to the real estate to Rampino.

### b. Whether the conveyance transferred "legal title" to the real estate.

Determination of whether the Rampino Notes conditionally conveys legal title to the real estate requires interpretation of its terms, and specifically the phrase "security interest in the Security." Pl.'s Compl., Ex. A ¶ 6. The Court concludes that phrase is ambiguous.

A promissory note is a contract. *QAD Invs., Inc. v. Kelly*, 2001 ME 116, ¶ 13, 776 A.2d 1244. Whether a note is ambiguous is a question of law for the court, whereas resolution of any ambiguity is a question of fact. *Id.* (citation and internal quotation marks omitted). Absent ambiguity, interpretation of the note's terms is also a question of law. *Id.* (citation omitted). A note's

6

terms are ambiguous when they are "reasonably susceptible to more than one interpretation." *Bordesky v. JAK Realty Tr.*, 2017 ME 42, ¶ 10, 157 A.3d 233 (citation and internal quotation marks omitted). A mortgage is also a contract subject to these principles of interpretation. *See Cate v. Merrill*, 116 Me. 432, 435, 102 A. 235, 236 (1917).

The term "security interest" used in the Rampino Note encompasses mortgages, which are security interests in real property. *See Sabina*, 2016 ME 141, ¶ 7, 148 A.3d 284; *see generally* 10 M.R.S. § 963-A(34) (2023). "Security interest" is also defined as an "interest in personal property or fixtures." 11 M.R.S. § 1-1201(35) (2023). Hence, "security interest" may be used to describe either the security provided by a promissory note, or a mortgage. The plain and ordinary meanings given to the words "note" and "mortgage" do not explicate the meaning of "security interest" in this case.[5] It is thus unclear whether the parties intended to transfer legal title to the real estate to Rampino.

For the purpose of mortgage formation, substance counts over form. *See New Orleans Nat'l Bank Ass'n v. Adams*, 109 U.S. 211, 214 (1883) ("While it may be conceded that no precise form of words is necessary to constitute a mortgage, yet there must be a present purpose of the mortgagor to pledge his land for the payment of a sum of money, or the performance of some other act, or it cannot be construed to be a mortgage"); *see also* 33 M.R.S. § 501 ("Mortgages of real estate include those made in the usual form … and those made by a conveyance appearing on its face to

---

[5] Comparing the terms' ordinary or technical meanings, as described above, *see Collins* 64 Me. at 38 ("note"); *Ocwen Fed. Bank*, 2001 ME 120, ¶ 18, 777 A.2d 275 ("mortgage"), with the terms' plain meanings supports finding the Rampino Note is ambiguous. In plain terms, "mortgage" may mean "the pledging of property to a creditor as security for the payment of a debt," or "such a debt," or the instrument by which the pledge is made, or even the creditor's claim on the property. *Mortgage*, *Webster's New World College Dictionary* (5th ed. 2016). "Note" may mean "a written promise to pay a sum of money or a written acknowledgement of a debt from which a promise of payment can be inferred." *Note*, *Webster's New World College Dictionary* (5th ed. 2016). Indeed, etymologically, lay people "often conflate the loan and the mortgage. They speak in terms of making a 'mortgage payment' or 'owing a mortgage.' Whatever colloquial value those phrases may have, they are not legally accurate. The mortgage does not create an obligation to pay; the promissory note does not transfer a security interest in the property." *Fis*, 2022 U.S. Dist. LEXIS 233104, at *8. That may be what occurred in this case; the Rampino Note was executed *pro se*.

be absolute"). When a purported mortgage-instrument's terms are ambiguous, the "ultimate determination" of the instrument's substance "is the intention of the parties who executed the instrument." *Mid-Central/Sysco Food Servs. v. Bd. of Tax Appeals*, 774 P.2d 363, 367 (Kan. Ct. App. 1989); *see also Thomsen v. Ward*, No. CV-11-14, 2012 Me. Super. LEXIS 75, at *24 (June 4, 2012) (citing *Seaman v. Seaman*, 477 A.2d 734, 736 (Me. 1984)) (discussing equitable mortgages) ("[a] court will label a transaction an 'equitable mortgage' when there has been a conveyance of an interest in property and the facts surrounding the transfer indicate that the intent of the parties was that the conveyance was to be a security").[6] The present summary judgment record does not disclose the parties' intentions in this context.

Since the record does not provide the Court with a legal basis to discern the intent of the parties, and the Note's terms are otherwise ambiguous, the Motion for Summary Judgment is denied.[7]

## CONCLUSION

For the foregoing reasons, Thibeault Properties & Investments, LLC's Motion for Summary Judgment is DENIED.

So ordered.

The Clerk is instructed to enter this Order on the docket for this case by incorporating it

---

[6] Notably, in *Ward*, the plaintiff did not plead an equitable mortgage. *Ward*, 2012 Me. Super. LEXIS 75, at *6. Contrary to the defendant's argument, the court determined that the plaintiff's contract did not generate an equitable mortgage or any interest in the property at issue. *Id.* at *23-24. Hence, the defendant's statute of frauds defense failed on summary judgment. *Id.* at *24, 29. Generally, however, courts specifically recognize that "a promissory note [can] form the basis for an equitable mortgage upon proof that the parties so intended." *See, e.g.*, *Sec. Sav. Bank v. Colony Vill. Corp.*, 301 N.W.2d 702, 704 (Iowa Feb. 18, 1981); *Trs. of Zion Methodist Church v. Smith*, 81 N.E.2d 649, 651 (Ill. App. Ct. 1948); *see also Lambert*, 148 Me. at 65-67, 90 A.2d at 453-54.

[7] Since the Court concludes the Rampino Note is ambiguous and that it may constitute a mortgage, the Court does not address Thiebault's contentions that (1) no statute provides that recording a promissory note referencing real property creates a legal lien or security interest thereon; (2) promissory notes do not convey any interest in real property; and (3) promissory notes are negotiable instruments governed by Article 3 of Maine's Uniform Commercial Code that cannot attach to real property. Mot. Summ. J. 6-11.

by reference. M.R. Civ. P. 79(a).

Dated: **07/14/2023**
_____

_____
Michael A. Duddy, Judge
Business & Consumer Court

Entered on the docket:  07/14/2023

9